```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

DEVIN C. PEARSON,                *
                                 *
    Plaintiff,                  *
                                 *
vs.                              *   CIVIL ACTION NO.15-00466-KD-B
                                 *
SHERIFF HUEY "HOSS" MACK,        *
*et al.*,                        *
                                 *
    Defendants.                 *

### REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Devin C. Pearson, who is proceeding pro se, filed a complaint seeking relief under 42 U.S.C. § 1983, and a motion to proceed without prepayment of fees(Docs. 1, 2). At the time Pearson initiated this action, he listed his address as the Baldwin County Corrections Center, 200 Hand Avenue, Bay Minette, AL 36507. (Doc. 1). Upon consideration, the Court, in an order dated October 26, 2015, denied Pearson's motion because it was deficient, but granted him leave to re-file his motion with the required copy of the institutional record of his inmate account by November 16, 2015. (Doc. 3). The order was mailed to Pearson at the address of record provided by him; however, it was returned to the Court with the notation "RETURNED TO SENDER – Not at this Address." (Doc. 4). The Court has confirmed with the Baldwin County Corrections Center that Pearson has been released. Because Pearson is no longer in custody, and because he has not kept the Court appraised of his current address, the Court has no means by which

to communicate with him, and can only surmise that he has lost interest in this action.

In light of the above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Blunt v. U. S. Tobacco Co., 856 F.2d 192 (6th Cir. 1988) (unpublished); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir. 1993) (the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 683, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **17th** day of **November, 2015.**

/S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**

3